**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

Robert Gustafson,

                          Plaintiff,         Civ. No. 15-2668 (RHK/FLN)
                                                   **ORDER**

v.

Grand Turismo Cars, Inc., *et al.*,

                          Defendants.

In this action, Plaintiff Robert Gustafson alleges that his former employer, Defendant Grand Turismo Cars, Inc. ("Grand Turismo"), misclassified him as an "exempt" employee and, accordingly, failed to pay him overtime in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* He further alleges that Grand Turismo terminated his employment in response to his complaints about (1) the misclassification, in violation of the FLSA and the Minnesota Whistleblower Act, Minn. Stat. § 181.932, and (2) perceived marital-status and disability discrimination, in violation of the Minnesota Human Rights Act (MHRA), Minn. Stat. § 363A.01 *et seq.*[1] And, he alleges that his supervisor, Grand Turismo's owner Dr. Robert L. Bodin, and another company owned by Dr. Bodin, Family & Cosmetic Gentle Dentistry, Ltd. ("FCGD"), were joint employers with Grand Turismo and are equally liable for the claims alleged in the Complaint.

---

[1] Gustafson also alleged in his Complaint claims for discrimination (not retaliation) in violation of the MHRA, but he has not addressed those claims in his Motion papers and the Court deems them abandoned.

Presently before the Court is Defendants' Motion for Summary Judgment (Doc. No. 24).[2] Summary judgment is proper if, drawing all reasonable inferences in Gustafson's favor, there is no genuine issue as to any material fact and Defendants are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Ricci v. DeStefano, 557 U.S. 557, 586 (2009). Defendants bear the burden of showing that the material facts in the case are undisputed. Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011) (*en banc*); Whisenhunt v. Sw. Bell Tel., 573 F.3d 565, 568 (8th Cir. 2009). The Court must view the evidence, and the inferences that may be reasonably drawn from it, in the light most favorable to Gustafson, Beard v. Banks, 548 U.S 521, 529-30 (2006); Weitz Co., LLC v. Lloyd's of London, 574 F.3d 885, 892 (8th Cir. 2009), who must show through admissible evidence that specific facts exist creating a genuine issue for trial, Fed. R. Civ. P. 56(c)(1)(A); Wood v. SatCom Mktg., LLC, 705 F.3d 823, 828 (8th Cir. 2013).

Having carefully reviewed the parties' briefs and the materials submitted therewith, and being otherwise sufficiently advised, the Court will deny Defendants' Motion. The Court concludes there are genuine issues of material fact concerning Gustafson's job duties and the work he performed during his employment and, hence, whether he was improperly classified as exempt from overtime under the FLSA. In addition, the Court concludes there is sufficient evidence in the record from which a reasonable jury could conclude Gustafson's employment was terminated on account of his complaints about Defendants' allegedly unlawful conduct, particularly given the statements Gustafson attributes to

---

[2] To be clear, only Dr. Bodin and FCGD have moved for summary judgment, but Grand Turismo has submitted a letter to the Court joining in Dr. Bodin's and FCGD's Motion. (See Doc. No. 23.)

Dr. Bodin (questioning Gustafson's mental-health and family status) and the timing of his termination shortly thereafter.  Finally, the Court concludes there is sufficient evidence in the record to create a fact issue whether Dr. Bodin and/or FCGD were joint employers with Grand Turismo.  Simply put, when the record is viewed in the light most favorable to Gustafson, there are genuine issues of fact precluding judgment as a matter of law.  Fed. R. Civ. P. 56(a).

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Defendants' Motion for Summary Judgment (Doc. No. 24) is **DENIED**.[3]  The hearing on the Motion, currently scheduled for May 27, 2016, is **CANCELED**.

Given the numerous factual disputes appearing in the record and the number of witnesses involved, a trial in this matter is likely to be lengthy and expensive – particularly in comparison to what the record suggests is a small universe of potentially recoverable damages were Gustafson to prevail.  Accordingly, the Court urges the parties to resolve this case at the final settlement conference before Magistrate Judge Noel (if not sooner).

Dated: May 20, 2016                                s/Richard H. Kyle
                                                   RICHARD H. KYLE
                                                   United States District Judge

---

[3] In denying Defendants' Motion, the Court in no way expresses an opinion on Gustafson's likelihood of success at trial or his ability to survive a motion for judgment as a matter of law after the presentation of his case.